CATHERINE CORTEZ MASTO
Attorney General
JULIE A. SLABAUGH
Senior Deputy Attorney General
Nevada State Bar No. 5783
Office of the Attorney General
Bureau of Public Affairs
Health and Human Services Division
100 North Carson Street
Carson City, NV 89701-4717
Telephone: (775) 684-1131
Fax: (775) 684-1145
*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA DISABILITY ADVOCACY AND LAW CENTER, INC., the State of Nevada's Protection and Advocacy Agency, and STEPHEN HELLBUSCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARLOS BRANDENBURG, in his capacity as Administrator of the Division of Mental Health & Developmental Services, and ELIZABETH NEIGHBORS, in her capacity as Director of Lake's Crossing Center for the Mentally Disordered Offender, MICHAEL J. WILLDEN, in his capacity as Director of the Department of Human Resources,<br><br>Defendants. | Case No. CV-S-05-0782-RCJ(RJJ)<br><br>**STIPULATED ORDER OF DISMISSAL<br>WITHOUT PREJUDICE** |

The parties, represented by the attorneys whose names appear hereafter, have stipulated and agreed to the entry of an Order dismissing the above-referenced action without prejudice. The STIPULATED ORDER OF DISMISSAL WITHOUT PREJUDICE is based upon the terms of the SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS attached hereto as Exhibit "A".

///

1  IT IS SO ORDERED.

2  There being no just cause for delay, this STIPULATED ORDER OF DISMISSAL
3  WITHOUT PREJUDICE is hereby entered this __18th__ day of April 2008.

_____
United States District Court Judge Robert C. Jones

**FOR PLAINTIFF**

Dated: ~~March~~ April 21, 2008.


_____
Lynne P. Bigley, Esq.
Nevada Disability Advocacy & Law Center
1311 North McCarran Blvd., #106
Sparks, NV 89431


**FOR DEFENDANTS**

Dated: ~~March~~ April 3, 2008


_____
Julie Slabaugh, Esq.
Senior Deputy Attorney General
Office of the Attorney General
State of Nevada
100 North Carson St.
Carson City, NV 89701-4717

Attorney General's Office
100 N. Carson Street
Carson City, Nevada 89701-4717

# EXHIBIT A

# EXHIBIT A

CATHERINE CORTEZ MASTO
Attorney General
JULIE A. SLABAUGH
Senior Deputy Attorney General
Nevada State Bar No. 5783
Office of the Attorney General
Bureau of Public Affairs
Health and Human Services Division
100 North Carson Street
Carson City, NV 89701-4717
Telephone: (775) 684-1131
Fax: (775) 684-1145
*Attorneys for Defendants*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| NEVADA DISABILITY ADVOCACY AND LAW CENTER, INC., the State of Nevada's Protection and Advocacy Agency, and STEPHEN HELLBUSCH, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CARLOS BRANDENBURG, in his capacity as Administrator of the Division of Mental Health & Developmental Services, and ELIZABETH NEIGHBORS, in her capacity as Director of Lake's Crossing Center for the Mentally Disordered Offender, MICHAEL J. WILLDEN, in his capacity as Director of the Department of Human Resources,<br><br>Defendants. | Case No. CV-S-05-0782-RCJ(RJJ)<br><br>**SETTLEMENT AGREEMENT AND RELEASE OF CLAIMS** |

This Settlement Agreement is made and entered into on the 2nd day of April 2008 between the Nevada Disability Advocacy and Law Center (NDALC) and Harold Cook[1] in his capacity as Administrator of the Division of Mental Health and Developmental Services, Elizabeth Neighbors in her capacity as Director of Lake's Crossing Center for the Mentally

---

[1] Harold Cook replaced Carlos Brandenburg as the Administrator of the Division of Mental Health and Developmental Services on February 12, 2008.

- 1 -

Disordered Offender, and Michael J. Willden, in his capacity as Director of the Department of Health and Human Services ("Defendants").

Plaintiff NDLAC filed a lawsuit in the United States District Court, District of Nevada entitled *Nevada Disability Advocacy and Law Center, Inc., the State of Nevada's Protection and Advocacy Agency, and Stephen Hellbusch, an individual v. Carlos Brandenburg, in his capacity as Administrator of the Division of Mental Health and Developmental Services, Elizabeth Neighbors in her capacity as Director of Lake's Crossing Center for the Mentally Disordered Offender, and Michael J. Willden, in his capacity as Director of the Department of Human Resources*[2], Case Number CV-S-05-0782-RCJ-RJJ.[3] The parties desire to settle fully all of Plaintiff NDALC's claims against Defendants. Defendants deny any liability to Plaintiff in connection with the claims asserted in this lawsuit and entering into this Agreement in no way whatsoever constitutes an admission of liability in this action.

**FOR AND IN CONSIDERATION** of all the agreements set forth below, the parties have agreed to a dismissal without prejudice of all Plaintiff NDALC's claims against Defendants asserted in this lawsuit. Plaintiff NDALC acknowledge the receipt of and sufficiency of the consideration they are receiving in exchange for releasing any claims they have, or could have asserted.

### DEFINITIONS

For the purposes of this Settlement Agreement, the following definitions apply:

1. "Incapacitated Criminal Defendant" is defined as a person committed to the custody of the Division of Mental Health and Developmental Services pursuant to NRS 178.425.

2. "Treatment to Competency" means treatment provided to a defendant to attempt to cause him to attain competency to stand trial or receive pronouncement of judgment.

///

///

---

[2] Now Department of Health and Human Services.
[3] Defendants have previously settled with Stephen Hellbusch.

- 2 -

3. "Prompt Restorative Treatment" is defined as providing appropriate treatment to competency within seven (7) days from the Division's receipt of a court order committing an incapacitated criminal defendant to the custody of the Division pursuant to NRS 178.425;

## OBLIGATIONS OF THE PARTIES

1. Defendants must provide Prompt Restorative Treatment to all Incapacitated Criminal Defendants upon the receipt of a court order committing them to do so;

2. Defendants must provide ongoing monthly status reports to Plaintiff for a period of three (3) years from the date of dismissal of this case. The monthly status reports must include the client name, the date the order was received by the Division, the date the order was filed with the criminal court, the judge ordering commitment; the county of origin of the court order; the length of days from the file date notation, and a stated reason for any delay in providing Prompt Restorative Treatment for all Incapacitated Criminal Defendants committed to the custody of the Division of Mental Health and Developmental Services pursuant to NRS 178.425 from the date of the last status report;

3. Defendants will act with a good faith effort with the county and state court personnel in the State of Nevada to facilitate Prompt Restorative Treatment for all Incapacitated Criminal Defendants;

4. Plaintiff's counsel will initiate communications with Defendants' counsel prior to filing an action alleging breach of this settlement agreement;

5. Any delay not attributable to Defendants will not constitute a violation of this agreement;

6. Plaintiff may seek additional attorneys' fees and/or costs for the purpose of enforcing this settlement agreement. Defendants may present any defense they may have in any proceeding alleging a breach of this settlement agreement;

7. This settlement agreement does not constitute res judicata or collateral estoppel with respect to any action brought by any individual(s) who has or will be committed to the

1 custody of the Division of Mental Health and Developmental Services pursuant to
2 NRS 178.425.

3     8.    Plaintiff NDALC will agree to a dismissal all of their claims against Defendants
4 without prejudice from Case No. CV-S-05-0782-RCJ-RJJ filed in the United States District
5 Court, District of Nevada.

6     9.    Plaintiff NDALC acknowledges that it has received payment of Fifteen Thousand
7 Dollars from the State of Nevada in full satisfaction of all attorneys' fees and costs incurred in
8 bringing this action.

## AUTHORITY

10 The parties signing this Settlement Agreement and Release in a representative
11 capacity acknowledge and warrant that they have full authority to do so.

## RELEASE OF ALL CLAIMS

13 **FOR AND IN CONSIDERATION** of the terms and obligations set forth above and the
14 execution of the Stipulation for Dismissal without Prejudice of Plaintiff NDALC's claims against
15 Defendants in *Nevada Disability Advocacy and Law Center, Inc., the State of Nevada's*
16 *Protection and Advocacy Agency, and Stephen Hellbusch, an individual v. Carlos*
17 *Brandenburg, in his capacity as Administrator of the Division of Mental Health and*
18 *Developmental Services, Elizabeth Neighbors in her capacity as Director of Lake's Crossing*
19 *Center for the Mentally Disordered Offender, and Michael J. Willden, in his capacity as*
20 *Director of the Department of Human Resources*, Case Number CV-S-05-0782-RCJ-RJJ,
21 Plaintiff on behalf of itself and its heirs, executors, administrators, successors and assigns,
22 does hereby unconditionally release and forever discharge, up to and including the date
23 below, Harold Cook, in his capacity as Administrator of the Division of Mental Health and
24 Developmental Services, Elizabeth Neighbors in her capacity as Director of Lake's Crossing
25 Center for the Mentally Disordered Offender, and Michael J. Willden, in his capacity as
26 Director of the Department of Health and Human Services, and each and all of its agents,
27 contractors, officers and employees, in both their official and individual capacities from any
28

- 4 -

and all claims, demands, actions, judgments, executions, costs, expenses, attorney fees and rights to compensation whatsoever, whether specifically set forth or not, that it now has, or may have, or claim to have, which were created by, arose out of or may arise out of the allegations in that action known as *Nevada Disability Advocacy and Law Center, Inc., the State of Nevada's Protection and Advocacy Agency, and Stephen Hellbusch, an individual v. Carlos Brandenburg, in his capacity as Administrator of the Division of Mental Health and Developmental Services, Elizabeth Neighbors in her capacity as Director of Lake's Crossing Center for the Mentally Disordered Offender, and Michael J. Willden, in his capacity as Director of the Department of Human Resources*, Case Number CV-S-05-0782-RCJ-RJJ..

Except as set forth herein, this Settlement Agreement and Release of Claims contains the entire agreement between the parties hereto and no promise, inducement or representation other than herein set forth has been made, offered or agreed upon. The terms of this Settlement Agreement and Release are contractual and not a mere recital.

DATED this 3rd day of April 2008.     DATED this _____ day of March 2008.

CATHERINE CORTEZ MASTO
Attorney General

By: _____
Julie A. Slabaugh
Senior Deputy Attorney General
Attorney for Defendants

NEVADA DISABILITY ADVOCACY
AND LAW CENTER

By: _____
Lynne Bigley
Attorney for Plaintiffs

DATED this _____ day of March 2008.

By: _____
Harold Cook
Division of Mental Health
And Developmental Services

- 5 -